Alan J. Leiman (OSB No. 98074)
alan@leimanlaw.com
Drew G. Johnson (OSB No. 114289)
drew@leimanlaw.com
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR 97401

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **EDUARDO L. CARTAYA,** | CASE NO.: 6:18-cv-2042 |
| Plaintiff, | |
| v. | **FLSA OVERTIME COMPLAINT;** |
| | **FLSA RETALIATION;** Fair Labor |
| **UNITED STATES DEPARTMENT OF AGRICULTURE FOREST SERVICE** | Standards Act 29 U.S.C. § 201 *et. seq.* |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff, EDUARDO L. CARTAYA ("Cartaya"), brings this action for violations of the Fair Labor Standards Act ("FLSA") against Defendant, the United States Department of Agriculture Forest Service ("Forest Service"), an agency of the United States of America. Plaintiff makes his allegations based upon personal knowledge, information, and belief.

## INTRODUCTION

1. Plaintiff Cartaya has been employed by the Forest Service as Law Enforcement Officer ("LEO") assigned to the Deschutes National Forest in Bend, Oregon since on or around August 2010.

1 – Complaint

2. Plaintiff has worked for the federal government for approximately 21 years. Prior to joining the Forest Service in 2010, he worked as a Park Ranger for the National Park Service, and prior to that Plaintiff served in the US Army.

3. In addition to being a credentialed federal LEO, Plaintiff has extensive experience in cave management, cave patrol, cave search and rescue, cave rescue training, and cave exploration pre-planning.

4. Plaintiff has been using his background and expertise in cave rescue and cave management to contribute to the management of cave resources in the Deschutes National Forest since he was hired into his current position in 2010. Plaintiff is informed and believes and therefore alleges that his cave rescue and cave management experience were important factors in making the decision to hire Plaintiff into his current position.

5. Plaintiff's LEO duties for the Forest Service have included, but have not been limited to the following cave related activities:

  i. Plaintiff has been issued special equipment by the Forest Service to conduct cave rescues and patrols;

  ii. Plaintiff has worked with Forest Service Region 6 employees, as well as other Forest Service employees on issues of cave safety, and until 2018, he had conducted an annual safety training for Forest Service employees who work in caves;

  iii. Plaintiff installed and has maintained cave rescue phones in the Lava River Cave in the Deschutes National Forest;

  iv. Plaintiff has served on the Cave Management Workgroup for the Deschutes National Forest.

6. During the term of his employment, Plaintiff Cartaya performed work for Defendant for which he was not compensated. Plaintiff also personally incurred work related expenses in the performance of work for Defendant for which he has not been reimbursed.

7. Plaintiff brings this action against Defendant to recover unpaid regular and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

8. Plaintiff also brings this action for FLSA retaliation as the result of the discriminatory and adverse actions taken against Plaintiff after he "filed a complaint" within the meaning of 29 U.S.C. § 215(a)(3) on April 16, 2018.

9. This action seeks compensatory and liquidated damages, attorney's fees, taxable costs of court, and pre- and post-judgment interest for Defendant's willful failure to pay wages, including regular wages and overtime wages, and other relief, pursuant to 29 U.S.C. § 216(b).

10. This action also seeks damages for emotional distress, humiliation, and loss of future earning capacity, and other relief pursuant to 29 U.S.C. § 216(b)

11. Plaintiff demands a jury trial on all issues that may be tried to a jury.

12. This action is authorized and instituted pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

## JURISDICTION AND VENUE

13. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; 28 U.S.C. § 1331; and 28 U.S.C. §1337, as it arises under acts of Congress regulating commerce.

14. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(e) because the Defendant is an agency of the United States of America, the Plaintiff resides within the District of Oregon, and no real property is involved in the action.

## PARTIES

3 – Complaint

15. Plaintiff Eduardo L. Cartaya is a resident of Deschutes County, Oregon. Plaintiff is currently employed as Law Enforcement Officer with the Forest Service in the Deschutes National Forest in Bend, Oregon. Plaintiff's current job classification is GL-1801-09.

16. Defendant the United States Department of Agriculture Forest Service is an agency of the United States of America with headquarters in Washington, D.C.

17. Defendant is subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

18. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendant directly or indirectly acted in the interest of an employer toward the Plaintiff at all material times, including, without limitation, directly or indirectly controlling the employment terms and conditions of Plaintiff.

## FACTS

19. In addition to possessing the certifications and credentials required to hold his federal LEO position, Plaintiff has extensive experience in cave management, cave patrol, cave search and rescue, cave rescue training, and cave exploration pre-planning.

20. Plaintiff maintains other certifications and credentials that are related to, and used in the performance of his official duties, but which are not included in his official job description. Plaintiff is an Emergency Medical Technician, an ISA Arborist, a Chainsaw Faller B, and has completed advanced Avalanche awareness and rescue training, along with numerous other search and rescue related trainings.

21. As part of his official duties as a USDA Forest Service LEO Plaintiff has:

      i. Served as a technical specialist on cave resource management laws and regulations to other Law Enforcement Officers, both in the Deschutes

4 – Complaint

      National Forest and the Pacific Northwest region, as well as to US Attorneys working on cave related cases;

  ii. Worked on issues of cave safety for USDA Forest Service employees, including conducting annual safety trainings for employees working in caves;

  iii. Installed and maintained cave rescue phones in the Lava River Cave in the Deschutes National Forest;

  iv. Worked on cave rescue pre-planning in the Deschutes National Forest as well as in other forests in Forest Service Region 6;

  v. Provided technical training to Forest Service employees in caving techniques and rope work in caves;

  vi. Conducted several bat surveys, including some requiring the use of highly technical rope work and deep pit descents, in caves located in forests throughout Pacific Northwest region;

  vii. Explored, mapped, inventoried, monitored, and assisted with National Environmental Policy Act screening of several new caves discovered by the National Speleological Society ("NSS") containing highly sensitive cave resources, including but not limited to numerous work trips to Eternity Cave and Infinity Cave on approved official time using official US Forest Service issued equipment;

  viii. Served on the Cave Management Work Group for the Deschutes National Forest.

22. Plaintiff is also a member of two Search and Rescue teams ("SAR"). He is a rescue leader on the Deschutes County Sheriff's Office SAR team, and he is a member of the Portland Mt. Rescue SAR team. At all material times, Plaintiff's direct supervisors have been aware of Plaintiff's participation on these SAR teams, and on numerous occasions prior to April 2018, Plaintiff had been pre-approved to attend SAR related trainings for which he was compensated for the time spent in training, and reimbursed for his necessary and reasonable expenses pursuant to Forest Service policies.

23. The Forest Service has a Memorandum of Understanding ("MOU") with the National Speleological Society ("NSS") to work cooperatively to manage and protect caves on Forest Service Land. The Oregon High Desert Grotto, a chapter of the NSS, has an MOU with the Forest Service to partner with the Forest Service to manage and protect the caves in the Deschutes National Forest where Plaintiff works.

24. The National Cave Rescue Commission ("NCRC") is part of NSS and acts as a resource to cave rescuers and SAR teams. NCRC helps coordinate interagency cooperation and cave rescue pre-planning. Plaintiff serves as the Regional Coordinator for the NCRC Pacific Northwest Region.

25. Over the years on a case-by-case basis, Plaintiff was approved by his supervisor to conduct NCRC related trainings on official time. In 2017, the NCRC hosted a seminar in Bend, Oregon. As Regional Coordinator. Plaintiff played a major role in organizing and putting on the seminar. Plaintiff was given permission by his supervisor to participate in the seminar as cave rescue instructor for eight days on official paid time.

26. Plaintiff's performance appraisals demonstrate that Plaintiff's supervisors were aware of, and approved of Plaintiff's activities relating to cave rescue, cave preservation, and cave

exploration. Plaintiff has received awards and commendations for his cave related work and activities and Defendant has benefitted from Plaintiff's cave related work activities and expertise.

27. Between on or around July 2015 and January 2018, Plaintiff performed field and other work for the benefit of Defendant relating to cave studies, wilderness management, cave resource inventory and monitoring, and volcano hazard management in the Mt. Hood National Forest in Oregon, the Mt. St. Helens National Volcanic Monument, and at the Mt. Rainier Glacier in Washington, for which he was not compensated for all hours worked and not reimbursed for all expenses incurred.

28. Plaintiff was compensated for some, but not all of the work he did for the Forest Service relating to activities conducted under the MOU between NSS and the Forest Service. Plaintiff also conducted trainings and gave speaking presentations relating to this work for which he was not compensated.

29. During the Spring of 2012 Plaintiff was informed by his then supervisor, Captain Daniel C. Smith, that while Plaintiff was authorized to do planning and post-field work for regional cave related activities relating to the NSS/Forest Service MOU on official "01" paid time, it was suggested that Plaintiff perform any field work on personal, unpaid time. Captain Smith told Plaintiff that the field work would be better if performed on personal time because of concerns relating to worker's compensation issues if Plaintiff were to be injured while doing cave work relating to the NSS/Forest Service MOU.

30. During periods of time that Plaintiff was working in the field on personal uncompensated time pursuant to his supervisor's suggestion, other federal employees working on site were being paid for their time on site.

7 – Complaint

31.     Consistent with the authorization Plaintiff received from Captain Smith, during the seven-year period that Plaintiff performed work relating to the MOU between the NSS and the Forest Service, Plaintiff was paid for pre-and post-expedition work, but he was not paid for his work in the field. This action is to recover the unpaid "01" regular wages, overtime wages and hazard pay for the uncompensated work performed by Plaintiff for the benefit of Defendant during the period July 2015 through January 2018.

32.     During the periods that Defendant permitted Plaintiff to work on personal unpaid time, Plaintiff incurred travel related and other business expenses for which he has not been reimbursed, and which were not included in the calculation of Plaintiff's regular rate of pay.

33.     As a federal LEO, Plaintiff is subject to an alternate work schedule for purposes of overtime computation pursuant to Section 7(k) of the FLSA (29 U.S.C. 207(k)). Plaintiff is also eligible for hazard pay.

34.     Plaintiff estimates that between July 2015 and January 2018 Plaintiff worked 474 hours of "01" official regular time and 248 hours of overtime for which he has not been compensated.

35.     Plaintiff estimates that he worked approximately 120 additional hours of "01" official regular attending trainings for which he did not receive compensatory time and for which he has not been compensated.

36.     Plaintiff estimates that between July 2015 and January 2018 Plaintiff worked 598 hours for which he is entitled to hazard pay and for which he has not been compensated.

37.     By way of example, Plaintiff was not compensated for work he performed on the Mt. St. Helens Glacier Cave study in the Gifford Pinchot National Forest between April 27 and May 6, 2018. During that time period, Plaintiff worked 80 hours of "01" official paid time and 52 hours of overtime for which he has not been paid. Plaintiff was also entitled to 132 hours of hazard pay

for which he has not been paid because of where the work was performed. Plaintiff also incurred work related expenses for which he has not been reimbursed.

38. At the time Plaintiff performed the work that is the subject of this action for the benefit of Defendant, he was not aware that legally he should have been compensated for the work, and he did not dispute the suggestion of his supervisor that he should conduct the field work, trainings and presentations that are the subject of this action on personal time, and not on "01 official time".

39. On February 16, 2018, Plaintiff was interviewed by a government investigator concerning allegations relating to Plaintiff's alleged unauthorized use of government property while Plaintiff was engaged in the Mt. Hood, Mt. St. Helens, and Mt. Rainier Glacier cave field work that Plaintiff had performed on personal unpaid time as the direct result of his supervisor's suggestion that Plaintiff do this field work on personal time.

40. It was during this February 16, 2018 interview that Plaintiff first became aware that he should have been compensated for the field work and other uncompensated work that is the subject of this action. Plaintiff's use of his Forest Service issued equipment was appropriate because at all times material he was performing work for the benefit of his employer. Plaintiff is entitled to equitable tolling of the FLSA statute of limitations because he did not learn of his entitlement to pay for the hours in question until February 16, 2018 when a government investigator questioned whether at the times material to this Complaint Defendant was pursuing his own personal interests, and not employed and working, or being permitted to suffer work for Defendant.

41. On April 16, 2018, Plaintiff filed a "complaint" within the meaning of 29 U.S.C. § 215(a)(3) when the National Federation of Federal Employees ("NFFE") filed a Step 1 Grievance on Plaintiff's behalf under Article 9 of the Master Agreement between NFFE and USDA Forest Service seeking the FLSA regular and overtime wages at issue in this action. Plaintiff again "filed

9 – Complaint

a complaint" within the meaning of 29 U.S.C. § 215(a)(3) when on June 17, 2018 the NFFE filed a Step 2 Grievance on Plaintiff's behalf for the FLSA regular and overtime wages at issue in this case. The Step 2 Grievance was denied on August 17, 2018.

42.     Defendant, acting through Plaintiff's superior officers, has repeatedly and continuously retaliated against Plaintiff since Plaintiff filed the Step 1 grievance for FLSA pay on April 16, 2018.

43.     Plaintiff has retained the law firm of Leiman & Johnson, LLC to represent him, and has incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b) and ORS 652.200, Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage and Overtime Violations - 29 U.S.C § 207)

44.     Plaintiffs re-allege and incorporate herein by reference, all allegations contained in paragraphs 1 through 43 above.

45.     At all material times, Plaintiff performed duties for the benefit of the Defendant, under employment terms and conditions set by Defendant.

46.     At all material times, Defendant was required to pay Plaintiff in accordance with the provisions of the FLSA applicable to federal law enforcement officers, and consistent with the provisions of the union contract under which Plaintiff was working.

47.     At times material to this Complaint, Defendant did not keep the required records of hours worked by Plaintiff because Plaintiff was following the suggestion of his supervisor that he perform the field and other work at issue in this case on personal time and not on "01 official time".

48.     At times material to this Complaint Defendant did not account for unreimbursed work related expenses incurred by Plaintiff when computing his rate of pay.

49.     Defendant has not paid Plaintiff all of his regular wages for all non-overtime hours worked.

10 – Complaint

50. Defendant has not paid Plaintiff the correct amount of overtime pay for uncompensated workweeks in which he was eligible for overtime pay based on the overtime computation applicable to Plaintiff as a Forest Service LEO.

51. Defendant has not paid Plaintiff the correct amount of hazard pay for uncompensated workweeks in which he was eligible for hazard pay.

52. At times material hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-209 in that the Plaintiff performed services and labor for Defendant for which Defendant failed to track hours worked, failed to compute a regular rate of pay, and failed to pay Plaintiff the correct amount of regular wages and overtime. Plaintiff is entitled to liquidated damages for Defendant's willful failure to pay the correct amount of regular wages and overtime wages.

53. Plaintiff brings this action seeking unpaid regular wages, overtime wages, liquidated damages, pre-judgment interest, costs, and attorneys' fees arising from the law violations set forth herein.

54. Defendant's failure to pay the Plaintiff all regular wages and overtime wages earned resulted from the Defendant's willful act of paying Plaintiff for some but not all of the cave related work that Plaintiff performed for the benefit of Defendant.

55. By reason of said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages and has also incurred costs and reasonable attorneys' fees.

### SECOND CLAIM FOR RELIEF
### (FLSA RETALIATION - 29 U.S.C § 215(a)(3)

56. Plaintiffs re-allege and incorporate herein by reference, all allegations contained in paragraphs 1 through 43 above.

11 – Complaint

57.   The April 16, 2018 Step 1 Grievance for FLSA pay filed on Plaintiff's behalf by the NFFE was a "complaint" within the meaning of 29 U.S.C. § 215(a)(3). The June 17, 2018 Step 2 Grievance for the same FLSA pay filed by the NFFE was a second "complaint" within the meaning of 29 U.S.C. § 215(a)(3).

58.   Since April 16, 2018, Defendant has retaliated against Plaintiff including, but not limited to, in the following ways:

a. On May 7, 2018, Defendant, acting through Plaintiff's superior officer, Captain Larson, reversed a March 2, 2018 decision, and told Plaintiff that he was no longer approved to conduct the 2018 annual cave safety training that was scheduled to take place two days later on May 9, 2018, for Region 6 Forest Service employees. Plaintiff had conducted this annual training on official paid time for the previous five years. Between March 2 when Plaintiff had been approved to conduct the 2018 training, and April 16, 2018 when Plaintiff filed his FLSA complaint, the scheduling of the training, and Plaintiff's participation on official time had been confirmed on several occasions as planning for the training progressed.

b. On or around May 9, 2018, Defendant, acting through Plaintiff's superior officer, Captain Larson, told Plaintiff that he could not assist in a cave safety training at Lava River cave on personal time, while off duty, and while acting in the capacity of a search and rescue volunteer, and NSS volunteer. Captain Larson subsequently told Plaintiff he was not to perform volunteer cave work in the District even on personal time while off duty.

c. On or around May 11, 2018, Plaintiff was advised by a managerial employee of Defendant, Lauri Turner, that Plaintiff's superior, Captain Larson, had told the Deschutes National Forest Supervisor, John Allen, that Plaintiff was no longer to participate in cave

12 – Complaint

management, cave safety, or any cave related duties in the forest. Despite objections from several of Defendant's employees, the decision to bar Plaintiff from cave related activities at his workplace remains in effect at the time of the filing of this Complaint.

d. On November 9, 2018, Plaintiff was served by Defendant with a Notice of Proposed Removal (NOPR") from his position as a federal Law Enforcement Officer. The NOPR contains 10 specifications related to Plaintiff's work with cave management, cave rescue, and coordination with cave resource non-governmental organizations. The allegations of the NOPR largely relate to alleged misuse of government property, time, and computers while performing the uncompensated work which is the subject of this FLSA Action.

59. As a result of Defendant's actions described herein, Plaintiff has suffered emotional distress, humiliation, and loss of future earning capacity. These damages are continuing. Plaintiff is entitled to recover payment for these compensatory damages under 29 U.S.C. § 216(b) in an amount to be determined by the jury. If Plaintiff's employment is terminated, Plaintiff will seek to amend this Complaint to include a claim for reinstatement, front pay, and back pay for retaliatory wrongful termination.

60. Plaintiff is entitled to recovery of reasonable attorney's fees and costs incurred in the prosecution of this FLSA retaliation claim pursuant to 29 U.S.C. § 216(b). Plaintiff is also entitled to prejudgment and post-judgment interest on all awards.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks the Court to grant the following relief:

1. On Plaintiff's First Claim for Relief, award Plaintiff his actual damages for unpaid regular wages, overtime wages, and hazard pay in an amount to be determined at

trial, plus an equal amount as liquidated damages for Defendant's failure to pay regular wages, overtime wages and hazard pay pursuant to the FLSA;

2. On Plaintiff's Second Claim for Relief, award Plaintiff compensatory damages in an amount to be determined by the jury for his emotional distress, humiliation, and loss of future earning capacity;

3. Award Plaintiff his reasonable attorney fees and costs;

4. Award Plaintiff pre-judgment interest; and

5. Award Plaintiff any and all such other legal and equitable relief as this Court deems just and proper.

DATED, November 26, 2018.

          Respectfully submitted,

          /s Alan J. Leiman
          Alan J. Leiman
          E-mail: alan@leimanlaw.com
          Oregon State Bar No.: 98074
          44 W. Broadway, Suite 326
          Eugene, OR 97401
          Telephone: (541) 345-2376
          Facsimile: (541) 345-2377
          Of Attorneys for Plaintiffs

          /s Drew G. Johnson
          Drew G. Johnson
          E-mail: drew@leimanlaw.com
          Oregon State Bar No.: 114289
          44 W. Broadway, Suite 326
          Eugene, OR 97401
          Telephone: (541) 345-2376
          Facsimile: (541) 345-2377
          Of Attorneys for Plaintiffs