**SCOTT ERIK ASPHAUG, OSB #833674**
Acting United States Attorney
District of Oregon
**KEVIN DANIELSON, OSB #065860**
Assistant United States Attorney
kevin.c.danielson@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR  97204-2902
Telephone: (503) 727-1000
        Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **EDUARDO L. CARTAYA,** | **Case No. 6:18-cv-02042-MC** |
| **Plaintiff,** | **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** |
| **v.** | |
| **UNITED STATES DEPARTMENT OF AGRICULTURE FOREST SERVICE, AND ERIK R. LARSON,** | |
| **Defendants.** | |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................... iii

CERTIFICATE OF COMPLIANCE WITH LR 7-1 .................................. 1

MOTION FOR SUMMARY JUDGMENT .................................................. 1

Introduction .................................................................................................. 1

UNDISPUTED FACTS .................................................................................. 2

     Mount St. Helens – 2018 ........................................................................ 6

     Mt. Rainier – 2017 .................................................................................. 7

     IAVCEI Congress – August 2017 ........................................................ 8

     Mount St. Helens – 2017 ....................................................................... 8

     Presenting at Geological Society of America – 2017 ........................ 9

     Mt. Hood – 2017 ................................................................................... 10

     The NCRC meeting in Georgia in 2017 ........................................... 11

     Mt. Rainier glacier cave work in 2016 ............................................. 11

     Small party assisted rescue course in 2018 .................................... 11

     Arnold Ice Cave – 2018 ...................................................................... 12

     NCRC seminar in 2016 ....................................................................... 12

     Mt. Hood - Sandy Glacier ................................................................. 12

     Teaching cave rescue work in 2016 ................................................. 13

     Mt. Rainier glacier cave work – 2015 ............................................. 13

NCRC instructor certification in 2015 ........................................... 14

Officer Cartaya's statements ...................................................... 14

Alleged retaliation ................................................................. 16

SUMMARY JUDGMENT STANDARD ................................................. 17

ARGUMENT AND AUTHORITY ........................................................ 18

I.    Plaintiff's claim for unpaid wages was not for work that
      benefitted the Forest Service and was not for work
      performed under the direction and control of the agency ........... 18

II.   Neither the Forest Service nor Captain Larson retaliated
      against Plaintiff under the FLSA ................................................ 20

III.  Plaintiff's claims under the FLSA are limited to two years
      from the time he filed this action ............................................. 23

CONCLUSION .............................................................................. 24

# TABLE OF AUTHORITIES

## CASES

*Allison v. Dolich*, 2018 WL 834919 (D. Or. Feb. 12, 2018) .................... 20

*Alvarez v. IBP*, 339 F.3d 894 (9th Cir. 2003).................................... 18, 23

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ........................... 17

*Arias v. Raimondo*, 860 F.3d 1185 (9th Cir. 2017) ............................... 20

*Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53 (2006) ................. 20

*Flores v. City of San Gabriel*, 824 F.3d 890 (9th Cir. 2016) ................. 23

*Integrity Staffing Solutions v. Busk*, 574 U.S. 27 (2014) ...................... 18

*Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574 (1986) ....... 17

*McBurnie v. City of Prescott*, 511 Fed. Appx. 624 (9th Cir. 2013)......... 20

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) ..................... 21

*Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*,
    321 U.S. 590 (1944).............................................................. 18

*Varner v. Shoreside Petroleum*, 817 Fed. Appx. 470 (9th Cir. 2020) .... 19

## STATUTES

29 U.S.C. § 201.......................................................................... 18

29 U.S.C. § 204(f) ...................................................................... 18

29 U.S.C. § 206(a)(1) .................................................................. 18

29 U.S.C. § 207(a)(1) .................................................................. 18

29 U.S.C. § 215(a)(3) .............................................................. 20, 21

29 U.S.C. § 255(a) ................................................................ 23

## RULES

Fed. R. Civ. P. 56 ................................................................... 1

Fed. R. Civ. P. 56(a) ............................................................ 17

## REGULATIONS

5 C.F.R. § 551.104 ............................................................... 19

**CERTIFICATE OF COMPLIANCE WITH LR 7-1.**

Counsel for Defendants has conferred with Plaintiff's counsel, Alan Leiman, and he objects to this motion.

**MOTION FOR SUMMARY JUDGMENT**

Defendants United States Department of Agriculture - Forest Service, and Erik Larson, an individual ("Defendants"), by Scott Erik Asphaug, Acting United States Attorney for the District of Oregon, through Assistant U.S. Attorney Kevin Danielson, move for summary judgment under Fed. R. Civ. P. 56.

**Introduction**

Plaintiff Eduardo L. Cartaya, a law enforcement officer with the U.S. Forest Service, brought this action under the Fair Labor Standards Act (FLSA).  Officer Cartaya alleges the Forest Service failed to pay him for hours he worked related to his caving activities and seeks: (1) unpaid regular wages; (2) unpaid overtime wages; (3) hazard pay; and (4) liquidated damages.  Officer Cartaya also alleges the Forest Service and his former supervisor, Captain Erik Larson, retaliated against him by taking discriminatory and adverse actions against him after he filed a grievance about his unpaid wages and he

seeks damages for emotional distress, humiliation, and loss of earning

capacity.

## UNDISPUTED FACTS

1.    Eduardo Cartaya was employed as a law enforcement officer for

the U.S. Forest Service and was assigned to the Deschutes National

Forest in Bend, Oregon, beginning in 2010.  First Amend. Comp., ECF

11, ¶ 1.

2.    Officer Cartaya has extensive experience in cave management,

cave patrol, cave search and rescue, cave rescue training, and pre-

planning for cave exploration.  *Id.*, ¶ 3.

3.    The job description for Officer Cartaya, as a law enforcement

officer, states that his major duties include: (1) investigating crimes on

national forest system lands; (2) enforcing laws on national forest

system lands; (3) acting as a technical specialist for the prosecution of

cases in federal and state court, assisting with forest resource and

protection activities, and providing assistance to outside agencies

conducting search and rescue incidents on national forest system lands

within policy and guidelines; (4) maintaining contact and providing

assistance to outside agencies conducting search and rescue incidents

on national forest system lands within agency policy and guidelines,

and (5) and other related matters.  Dec. of Kevin Danielson, Exhibit 5.

4.    The Forest Service has a policy entitled Cave Safety Standards

that states, in part, as follows:

> Forest Service personnel normally are in a supportive role in cave
> Search and Rescue (SAR) operations; however, <u>Forest Service law
> enforcement will take the lead for expediency in life or death
> situations or when non-Forest Service SAR programs are not
> capable of providing case rescue service.</u>  Forest Service
> employees tasked with cave management and Forest Law
> Enforcement will determine in cooperation the sufficiency and
> availability of existing case SAR programs, assist and support
> local authorities, and cooperate with qualified cave organizations.

Dec. of Danielson, Exhibit 4 p. 2 (emphasis original).

5.    The Forest Service has a Memorandum of Understanding (MOU)

with the National Speleological Society (NSS) to work cooperatively to

manage and protect caves on Forest Service land.  ECF 11, ¶ 24; Dec. of

Danielson, Exhibit 3.   The MOU states the Forest Service relies on

volunteer assistance from members of organizations interested in cave

resources, primarily the NSS.  *Id.,* p. 1.

6.    The National Cave Rescue Commission (NCRC) is part of NSS

and acts as a resource to cave rescuers and search and rescue teams.

ECF 11, ¶ 25.  The NCRC has a duty to "teach and certify cave rescue

skills and technicians to assist with cave rescue preplanning and to

provide gear and equipment for cave rescues wherever it might be needed." Dec. of Danielson, Exhibit 1, Cartaya Depo. p. 21:16-25 (Cartaya Depo.).

7.     Over the years, on a case-by-case basis, the Forest Service paid Officer Cartaya his regular wages (also referred to as "0-1 time") to conduct NCRC activities on official time. ECF 11, ¶ 26.

8.     On April 20, 2017, Officer Cartaya was placed on administrative duty status because of a criminal investigation arising from an incident at the Redmond Airport on about February 27, 2017. Dec. of Tracy Perry, Exhibit 1. The letter was signed by Tracy Perry, Director, Law Enforcement Investigations. *Id.*

9.     On February 13, 2018, Officer Cartaya's administrative status duty was continued because of the criminal investigation arising from the Redmond Airport. *Id.*, Exhibit 2. The letter was signed by Tracy Perry. *Id.*

10.     Being placed on administrative duty meant Officer Cartaya could not perform any activities of a law enforcement officer such as making arrests, operating a police car, contacting suspects, and performing criminal investigations. Cartaya Depo. p. 30:16-23.

11.    On November 9, 2018, the Forest Service served Officer Cartaya with a Notice of Proposed Removal, seeking his termination based on alleged misconduct related to his cave activities.  ECF  11, ¶ 43.

12.    On December 17, 2018, the Forest Service found the allegations in the proposed removal had not been sustained. He was taken off administrative duty and returned to his normal duties.   Cartaya Depo. p. 34:18-22; Dec. of Danielson, Exhibit 6.

13.    On April 16, 2018, Officer Cartaya filed a "complaint" within the meaning of 29 U.S.C.  215(a)(3) when the National Federation of Federal Employees filed a Step 1 Grievance on his behalf seeking FLSA regular and overtime wages.  ECF 11, ¶ 42.  On June 17, 2018, a Step 2 Grievance was filed seeking FLSA regular and overtime wages.  *Id.*

14.    Officer Cartaya seeks compensation for work related to cave studies, wilderness management, cave resource inventory, cave monitoring, and volcano hazard management in the Mt. Hood National Forest in Oregon, the Mount St. Helens National Volcanic Monument, and the Mt. Rainier glacier in Washington.  ECF 11, ¶ 28.  He also seeks compensation for other work related to caving and search and rescue work going back to 2015.  Officer Cartaya's summary of claims for unpaid wages are set forth in a three-page document and was

discussed at depositions.  Cartaya Depo. p. 34:23-25 – p. 35:1-4; Dec. of

Danielson, Exhibit 2 (Cartaya Depo. Ex. 2).[1]

<u>Mount St. Helens - 2018</u>

15.    Officer Cartaya seeks compensation for eight hours of 0-1 time in

January 2018 for preplanning activities for the Mount St. Helens cave

study.  He also seeks 64 hours of 0-1 time and 28 hours of overtime for

work on the Mount St. Helens project in June of 2018.   Cartaya Depo.

p. 35:10-15; p. 39:2-6; Cartaya Depo., Exhibit 2, p. 1.

16.    The Mount St. Helens project involved monitoring sub-glacial ice

to determine if the mountain is heating up, doing hazard management-

type work, and inventorying and monitoring of animal species and

microbial life.  Cartaya Depo. p. 35:16-25 - p. 36:1-5.  The work involved

organizing the gear, coordinating the helicopter, establishing the work

site and field hospital, traveling across glaciers to the caves, wiring the

caves for communications, placing data loggers, and doing laser survey

measurements.  *Id.*, p. 39:19-25 - p. 40:1-7.

---

[1]    Plaintiff's counsel does not object to the use of this exhibit for
purposes of summary judgment.

17.    Prior to participating on the Mount St. Helens project, Officer

Cartaya did not request 0-1 time, overtime, or hazard pay.  Cartaya

Depo. p. 36:14; p. 43:2-8.

18.    No one from the Deschutes National Forest asked Officer

Cartaya to be involved in the Mount St. Helens project.  Cartaya Depo.

p. 38:19-22.

19.    Officer Cartaya stated that information about the glacier work

projects related to Mount St. Helens, Mt. Hood, and Mt. Rainier, was

brought to his attention by an external source or an employee of the

agency and that triggered his involvement.  Cartaya Depo. p. 59:1:17.

20.    The Forest Service did not fund the expeditions for Mount St.

Helens, Mt. Hood, or Mt. Rainier.  Cartaya Depo. p. 59:18-25 – p. 61:1-

4.

<u>Mt. Rainier – 2017</u>

21.    Officer Cartaya seeks compensation for 120 hours of 0-1 time, 56

hours overtime, and 168 hours of hazard pay for work on Mt. Rainier

during July and August of 2017.  Cartaya Depo. p, 43:13-17; Cartaya

Depo., Exhibit 2, p.-1.

22.    The work on Mt. Rainier was a companion study to the work at

Mount St. Helens.  It was a "volcano hazard management and

inventory monitoring resource impact study of the cave complex in the summit icecap of the mountain." Cartaya Depo. p. 43:18-25 – 44:1-15.

23.    No one from the Forest Service asked him to get involved in the project.  Cartaya Depo. p. 45:7-11.

24.    Prior to participating on the Mt. Rainier project, Officer Cartaya did not request 0-1 time pay or overtime.   Cartaya Depo. p. 45:12-16

### IAVCEI Congress – August 2017

25.    Officer Cartaya seeks 16 hours of 0-1 time for his participation in the conference for the International Association of Volcanology and Chemistry of the Earth's Interior (IAVCEI) on August 14-15, 2017, in Portland, Oregon.  Cartaya Depo. p. 45:17-23; Cartaya Depo., Exhibit 2, p. 1.

26.    Officer Cartaya recalls that the keynote speaker was a Forest Service scientist who advised him of the conference and encouraged him to attend.  Cartaya Depo. p. 45:24 – p. 46:1-8.

27.    Officer Cartaya did not request 0-1 time for the event.  Cartaya Depo. p. 46:11-12.

### Mount St. Helens – 2017

28.    Officer Cartaya seeks compensation for 80 hours of 0-1 time and 52 hours of overtime, and 116 hours of hazard pay for work on the

Mount St. Helens project from April-May 2017.  Cartaya Depo., Exhibit 2, p. 1.

29.    The work in 2017 on Mount St. Helens was the same kind of work performed in 2018 on Mount St. Helens.  Cartaya Depo. p. 46:13-21.

30.    The Forest Service did not request his participation.  Cartaya Depo. p. 46:22-24.

31.    Officer Cartaya did not request 0-1 time or overtime.  Cartaya Depo. p. 46:25 - p. 47:1-3.

<u>Presenting at Geological Society of America – 2017</u>

32.    Officer Cartaya seeks eight hours of 0-1 time for presenting at the Geological Society of America on glacial cave studies or volcano hazard management.  Cartaya Depo., Exhibit 2, p. 1.

33.    Officer Cartaya attended because Dr. Peter Frenzen, a scientist with the Forest Service, mentioned to him that it was a significant venue to discuss volcano hazard management work.  Cartaya Depo. p. 47:14-19;

34.    Officer Cartaya does not recall if he requested 0-1 time.  Cartaya Depo. p. 47:20-22.

Mt. Hood – 2017

35.    Officer Cartaya seeks eight hours of 0-1 time and four hours of overtime for work performed in September 2017 on Mt. Hood.   Cartaya Depo. p. 47:23-25 – p. 48:1-5; Cartaya Depo., Exhibit 2, p.1.

36.    The Mt. Hood project involved cave management and included mapping and studying caves, taking inventory of caves, taking inventory of life forms in the caves, and tracking visitor impact on caves.  It also involved volcano management and the study of glacial caves. Cartaya Depo. p. 48: 13-25 – 49:1-22.   Officer Cartaya seeks compensation for installing data loggers in the caves that record temperature, humidity, and air flow.  Cartaya Depo. p. 49:23-25 – p. 50:1-12.

37.    Officer Cartaya initially became involved in the Mt. Hood project in 2012 after he learned of it through an email in 2011 and then later met with senior staff with the Mt. Hood National Forest.  Cartaya Depo. p. 50:13-25 – p. 51:1-10.

38.    Officer Cartaya did not request 0-1 time or overtime.  Cartaya Depo. p. 51:11-15.

## The NCRC meeting in Georgia in 2017

39.    Officer Cartaya seeks 36 hours of 0-1 time and eight hours of overtime for work performed in February 2017 at the NCRC in Georgia to plan for the NCRC seminar at the Deschutes National Forest, in which he participated in June of 2017, and where he was paid 0-1 time. Cartaya Depo. p. 51:16-25; Cartaya Depo., Exhibit 2, p. 2.

40.    Officer Cartaya did not request 0-1 time or overtime.  Cartaya Depo. p. 52:2-6.

## Mt. Rainier glacier cave work in 2016

41.    Officer Cartaya seeks 44 hours of 0-1 time, 26 hours of overtime, and 66 hours of hazard pay for glacier cave work on Mt. Rainier in July and August of 2016.   Cartaya Depo. p. 52:7-17; Cartaya Depo., Exhibit 2, p. 2.

42.    Officer Cartaya did not request 0-1 time, overtime or hazard pay. Cartaya Depo. p. 52:18-24.

## Small party assisted rescue course in 2018

43.    Officer Cartaya seeks 40 hours of 0-1 time and 15 hours of overtime for an NCRC course in Redmond, Oregon, that he participated in during September 2018.   Cartaya Depo. p. 53:1-12; Cartaya Depo., Exhibit 2, p. 2.

44.    Officer Cartaya did not request 0-1 time or overtime.  Cartaya

Depo. p. 53:15-18.

### Arnold Ice Cave – 2018

45.    Officer Cartaya seeks 12 hours of 0-1 time and 12 hours of hazard

pay for work in a Forest Service clean-up project that involved

removing an old, collapsed wood stairway in the Arnold Ice Cave.

Cartaya Depo. p. 53:25 – p. 54:1-8; Cartaya Depo., Exhibit 2, p. 2.

46.    Officer Cartaya does not recall if he requested 0-1 time or hazard

pay.  Cartaya Depo. p. 54:9-11.

### NCRC seminar in 2016

47.    Officer Cartaya requests 56 hours of 0-1 time and 22 hours of

overtime for attending an NCRC seminar in May 2016 that covered all

levels of cave rescue training.  He believes it was held in Alabama.

Cartaya Depo. p. 54:12-25 – p. 55:1-6; Cartaya Depo., Exhibit 2, p. 2.

48.    Officer Cartaya does not recall if he requested 0-1 time or

overtime. Cartaya Depo. p. 55:7-9.

### Mt. Hood - Sandy Glacier

49.    Officer Cartaya requests 40 hours of 0-1 time and 26 hours of

overtime for follow-up surveying and monitoring work on the Sandy

Glacier on Mt. Hood in June of 2016.  Cartaya Depo. p. 55:10-21;

Cartaya Depo., Exhibit 2, p. 2.

50.    Officer Cartaya did not request 0-1 time or overtime.  Cartaya

Depo. p. 55:23-25.

Teaching cave rescue work in 2016

51.    Officer Cartaya requests 32 hours of 0-1 time and 16 hours of

overtime for teaching cave rescue work for the National Park Service at

the Lava Beds National Monument in September 2016.  Cartaya Depo.

p. 56:1-22; Cartaya Depo., Exhibit 2, p. 2.

52.    He requested to be paid but does not recall if he got an answer or

what the answer was.  Cartaya Depo. p. 57:3-16.

Mt. Rainier glacier cave work – 2015

53.    Officer Cartaya requests 112 hours of 0-1 time, 62 hours of

overtime, and 166 hours of hazard pay for work on the Mt. Rainier

glacier in August of 2015.  Cartaya Depo. p. 57:17-23; Cartaya Depo.,

Exhibit 2, p. 2 .

54.    He did not request 0-1 time, overtime, or hazard pay.  Cartaya

Depo. p. 57:24-25 – p. 58:1.

NCRC instructor certification in 2015

55. Officer  Cartaya requests 72 hours of 0-1 time and 52 hours of overtime for attending a conference in July and August of 2015 to get his NCRC instructor certification.  Cartaya Depo. p. 58:2-16; Cartaya Depo., Exhibit 2, p. 3.

56.    He cannot remember if he asked for 0-1 time or overtime. Cartaya Depo. p. 58:17-20.

Officer Cartaya's statements

57.    During the Forest Service's investigation of possible misconduct by Officer Cartaya, he gave a sworn declaration with the following statements:

> a.    "I have participated in and/or taught a number of SAR, cave rescue, and rope rescue trainings in recent years.  In some cases, I participated in some of these trainings on '01' time with the permission of my supervisors.  In other cases, I participated in these trainings on my personal time." Page 4.

> b.    "I was approved by Captain Larson, and before him Captain Smith, to participate in about a dozen SAR-related rescue trainings on official '0-1' time each year.  Page 5.

> c.    "I applied for a permit to explore glacier caves on Mt. Hood in 2012.  I was not on Forest Service official '0-1'time on that trip. . . . I was a volunteer with NSS, the Oregon High Desert Grotto while surveying that cave on Mt. Hood in 2012."  Pages 5-6.

**Page 14        Defendants' Motion for Summary Judgment**

d.    "In early 2017, I applied to do glacier cave research on Mt. St. Helens. . . . I do know that none of the research or exploration I did on Mt. St. Helens was on official '0-1' time. I was there as a volunteer member of the NSS."  Page 6.

e.    "In summer 2017, the NCRC hosted a seminar here in Bend, OR.  I am the Regional Coordinator for NCRC and played a major role in organizing and hosting that seminar. I served as a cave rescue instructor for eight days during the seminar.  My supervisor, Patrol Captain Erik Larson, gave me permission to work the seminar of official '0-1' time.  He deemed that there was a nexus between my assigned duties in cave rescue on this forest and this seminar."  Page 4.

f.    "I have taken and taught other NCRC trainings on official '01' time over the years.  Each training was approved on a case-by-case basis.  Again, there needed to be a clear nexus between what was taught in the training and my LEO responsibilities and/or interests of the forest.  Page 4.

g.    "In 2015, 2016, and 2017, Penny Boston applied for permits to conduct research and explore glacier caves on Mt. Rainier in Mt. Rainier National Park. . . . I participated in the research in Mt. Rainier glacier caves as an NSS volunteer."  Page.7.

h.    "I acknowledge that there are times when it may be hard to define the time separation between Forest Service cave rescue-related duties from my NCRC and SAR cave-related duties. They are all in the public interest and they all work together toward a common goal. All my time with SAR and NCRC is unpaid and voluntary unless on approved/pre-approved 0-1 time." Page 7.

Dec. of Thomas MaGee, Exhibit 1.

<u>Alleged retaliation</u>

58.    In general, Officer Cartaya alleges that the Forest Service and Captain Larson retaliated against him for filing a grievance over his unpaid wages on April 16, 2018.  ECF 11, ¶¶ 65-69.

59.    Officer Cartaya alleges the Forest Service and Captain Larson retaliated against him by not paying him 0-1 time for cave training in May of 2018.  ECF 11, ¶ 66(a-c).

60.    In June of 2017, Captain Larson initially did not approve 0-1 time for Officer Cartaya to teach the NCRC training in Redmond from June 14-15, 2017, because he was on administrative duty.  He then changed his mind and approved 0-1 time.  Dec. of Jarhid Brown, Exhibit 1.

61.    In May of 2018, Captain Larson denied Officer Cartaya's request to teach a cave safety course on the Deschutes National Forest because it did not fall within the parameters of his administrative duty status. Dec. of Brown, Exhibit 2.  In addition, Captain Larson said he could not allow Officer Cartaya to do the training for free because the FLSA required the Forest Service to pay wages for all hours worked.  *Id.*

62.    Officer Cartaya alleges the Forest Service retaliated against him by trying to terminate him.  ECF 11, ¶ 66(d). On December 17, 2018,

the Forest Service issued a Notice of Decision on Proposed Removal and determined that no disciplinary action would be taken against him. Dec. of Danielson, Exhibit 6.  The Notice details the nature of all the charges against Officer Cartaya.

63.    Officer Cartaya alleges that Captain Larson retaliated when he called the Deschutes County Sheriff's Office Search and Rescue Coordinator Lt. Husband and disclosed personal information about Officer Cartaya's proposed removal.  ECF 11 ¶ 66(e).

64.    Officer Cartaya does not know what Captain Larson told Lt. Husband.  Cartaya Depo. p. 66:7-21.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In ruling on a motion for summary judgment, the evidence is viewed in a light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).   Once the moving party has properly supported its motion for summary judgment, the non-moving party must produce specific facts showing there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  A genuine disputed

**Page 17        Defendants' Motion for Summary Judgment**

material fact exists when "a reasonable jury could return a verdict for

the non-moving party." *Id.* at 248.

## ARGUMENT AND AUTHORITY

**I.    Plaintiff's claim for unpaid wages was not for work that benefitted the Forest Service and was not for work performed under the direction and control of the agency.**

The Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*,

established a minimum wage and overtime compensation for hours worked in

excess of 40 hours per week.  29 U.S.C. §§ 206(a)(1); 207(a)(1); *Integrity*

*Staffing Solutions v. Busk*, 574 U.S. 27, 31 (2014).  In addition, an employer

must pay employees for all hours worked.  *Alvarez v. IBP*, 339 F.3d 894, 902

(9th Cir. 2003)

The FLSA does not define the term "work."   The Supreme Court has

defined work to mean "physical or mental exertion (whether burdensome or

not) controlled or required by the employer and pursued necessarily and

primarily for the benefit of the employer and his business. *Tennessee Coal,*

*Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944).  The Office

of Personnel Management (OPM) administers the FLSA in connection with

federal employees.  29 U.S.C. § 204(f).  Consistent with the definition of work

in *Tennessee Coal*, OPM defines work as follows: "Hours of work means all

time spent by an employee performing an activity for the benefit of an agency

and under the control or direction of the agency." 5 C.F.R. § 551.104. To prevail on claim for unpaid wages under the FLSA, a plaintiff has the burden of proving he performed work for which he was not compensated. *Varner v. Shoreside Petroleum*, 817 Fed. Appx. 470, 471 (9th Cir. 2020) (unpublished disposition) (citation omitted).

Six facts that establish that Officer Cartaya is not owed any money under the FLSA for activities that he voluntarily performed and that did not benefit his work as a law enforcement officer on the Deschutes National Forest. First, the Forest Service did not ask or direct him to participate in the cave-related activities for which he was not paid. Second, prior to participating in these projects, he did not request to be paid his regular wages or overtime. Third, Officer Cartaya stated under oath that he was a volunteer for the NSS when he worked on Mount St. Helens, Mt. Hood, and Mt. Rainier. He stated: "All my time with SAR and NCRC is unpaid and voluntary unless on approved/pre-approved 0-1 time." Fourth, the studying of glacial caves and volcano management has no nexus to his work as a law enforcement officer on the Deschutes National Forest. Fifth, the Forest Service paid Officer Cartaya for his SAR and cave rescue work when there was a benefit to the Forest Service. And sixth, the Forest Service did not fund

any of the caving projects.  Accordingly, Officer Cartaya should be denied all of his claims for unpaid wages.

## II.    Neither the Forest Service nor Captain Larson retaliated against Plaintiff under the FLSA.

The FLSA prohibits a "person" from discharging or discriminating against an employee for filing a complaint or instituting a proceeding under the FLSA.  29 U.S.C. § 215(a)(3).  The law applies to any person, not just the actual employer, from engaging in retaliatory conduct.  *Arias v. Raimondo*, 860 F.3d 1185, 119 (9th Cir. 2017).

The *prima facie* elements for a retaliation claim under the FLSA are: "(1) the plaintiff was engaged in a protected activity; (2) the plaintiff was thereafter subjected by his employer to an adverse employment action; and (3) there is a causal link between the protected activity and the adverse employment action."  *Allison v. Dolich*, 2018 WL 834919 at *6 (D. Or. Feb. 12, 2018) (citation omitted).  An adverse employment action is retaliatory when it "might have dissuaded a reasonable worker from making or supporting" an FLSA complaint.  *McBurnie v. City of Prescott*, 511 Fed. Appx. 624, 625 (9th Cir. 2013) (quoting *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68-69 (2006).

The *McDonnell Douglas* framework[2] has been applied to retaliation claims under the FLSA and the burden-shifting scheme is the same. *Id.* If the employee establishes a *prima facie* case of retaliation, the employer can rebut the allegation by producing evidence to dispel the inference of retaliation. *Id.* The burden then shifts to the employee to produce evidence that the employer's preferred reasons are a pretext. *Id.*

Here, on April 16, 2018, Officer Cartaya filed a Step 1 Grievance for FLSA pay. First Amend. Complaint, ECF 11, ¶ 65. On June 17, 2018, he filed a Step 2 Grievance for the same FLSA pay. Those Grievances qualify as complaints under 29 U.S.C. § 215(a)(3).

The May 7, 2018, decision not to allow Officer Cartaya to conduct cave safety training scheduled for May 9, 2018, was not an adverse action and he was still paid his regular wages while on administrative duty. In compliance with standard procedures, Officer Cartaya was assigned to administrative duty while the criminal and misconduct investigations were conducted. After considering Officer Cartaya's request to conduct cave safety training, the Forest Service determined that teaching this off-site course was not compatible with administrative duty status, under which Officer Cartaya was limited to working in the Forest Service office or teleworking at his personal

---

[2]    *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973).

**Page 21        Defendants' Motion for Summary Judgment**

residence.  The Forest Service continued to pay Officer Cartaya his regular wages and to provide him with administrative work that could be accomplished at the designated duty stations.

Officer Cartaya also alleges that the Forest Service's disciplinary proposal was retaliatory, but that alleged adverse action also did not materialize.  The Forest Service proposed Officer Cartaya's termination on numerous charges, based on information obtained during criminal and misconduct investigations.   The investigation began in 2017, before Officer Cartaya filed his first grievance under the FLSA.  It is therefore impossible for the investigation to have been conducted in retaliation for Officer Cartaya's FLSA complaint.  A Forest Service official reviewed the Report of Investigation and prepared the Notice of Proposed Removal, which included a detailed explanation of the charges and supporting evidence.  Officer Cartaya was provided with an opportunity to respond to the proposal, which he did. In keeping with standard procedures and required due process, the deciding official reviewed both the proposal and Officer Cartaya's response and determined that the charges had not been sustained.  Throughout this process, Officer Cartaya remained on administrative duty and was paid his regular wages.  Upon dismissal of the charges, Officer Cartaya was immediately returned to full duty.

Finally, Officer Cartaya has no evidence to support his claim of retaliation related to Lt. Husband because Officer Cartaya does not know what Captain Larson told Lt. Husband. Accordingly, summary judgment should be granted in favor of the Forest Service and Captain Larson on the Officer Cartaya's claim for retaliation.

## III. Plaintiff's claims under the FLSA are limited to two years from the time he filed this action.

The FLSA applies a two-year statute of limitations to actions but the time limit may be extended to three years for willful violations. 29 U.S.C. § 255(a); *Alvarez*, 339 F.3d at 906. A violation is willful if the employer knew or showed reckless disregard for whether its conduct was prohibited by the FLSA. *Flores v. City of San Gabriel*, 824 F.3d 890, 906 (9th Cir. 2016). Merely negligent conduct by the employer is not sufficient and a court will not presume the conduct was willful in the absence of evidence. *Id.*

Officer Cartaya filed this action on November 26, 2018. All of his claims prior to November 26, 2016 are time-barred. Moreover, the statute of limitations should not be extended to three years because there is no evidence of any willful conduct by the Forest Service related to Plaintiff's claims for unpaid wages.

## CONCLUSION

Defendants' motion for summary judgment should be granted.

Dated:  August 10, 2021.

Respectfully submitted,

SCOTT ERIK ASPHAUG
Acting United States Attorney
District of Oregon

*/s/ Kevin Danielson*
KEVIN DANIELSON
Assistant U.S. Attorney
Attorneys for Defendants